**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| TIMOTHY LEE LITTLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:26-CV-61-TES-AGH |
| | : | |
| WARDEN VERONICA STEWART, | : | |
| | : | |
| Respondent. | : | |

**ORDER & RECOMMENDATION**

*Pro se* Petitioner Timothy Lee Little, a prisoner in Washington State Prison in Davisboro, Georgia, filed an application for writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his May 2025 convictions for aggravated child molestation and child molestation from the Superior Court of Walton County. Compl. 1, ECF No. 1; Am. Compl. 1, ECF No. 3. Petitioner also moved to proceed *in forma pauperis* (IFP) (ECF No. 6). However, Petitioner paid the filing fee and thus, his motion to proceed IFP is **DENIED as moot**. It is **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** as he has not exhausted available state remedies. It is also **RECOMMENDED** that a certificate of appealability (COA) and any motion to proceed IFP on appeal be **DENIED**.

## I. SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The clerk must promptly forward the petition to a judge under the

> court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *O'Sullivan*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-55 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id.* at 653 (allowing *sua sponte* dismissal based on untimeliness because R. & R. provided notice and opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

In this case, Petitioner was convicted one year prior to filing his federal habeas petition. Compl. 1. His hearing on his motion for new trial was held on April 28, 2026, which is less than a month before the initiation of this case. Memo in Supp. of Am. Compl., 9, ECF No. 3-1. When asked on the standard form for habeas petitions about whether he has filed any petitions, applications, motions, or appeals challenging his conviction and/or sentence in any state court, Petitioner states that he has filed a request for transcripts as well as for "state's evidence and discovery" in the Superior Court of Walton County and that he is still waiting to receive those documents. Compl. 3-5. When asked on the standard form for habeas petitions about whether he appealed his judgment of conviction, he vaguely answers "unknown". *Id.* at 2. Then when asked whether he sought review of his conviction in a higher state court, Petitioner answered "no because my lawyer quit on me." *Id.* Finally, when asked about whether he has raised any of his grounds for habeas relief "through a post-conviction motion or petition for habeas corpus in a state trial court[,]" Petitioner answers that he "hasn't filed state post conviction or habeas corpus yet because the superior court and [his] lawyer won't send [his] transcripts or state's discovery." *Id.* at 6, 9-10. Thus, it "plainly appears" on the face of the petition that Petitioner has not exhausted available state remedies. Rules Governing § 2254 Cases, R. 4.

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## II. COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition

for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner fails to make these showings. Thus, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed *in*

*forma pauperis* on appeal be **DENIED**.

## III. CONCLUSION

Petitioner's motion to proceed IFP (ECF No. 6) is **DENIED as moot**. Additionally, it is **RECOMMENDED** that Petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that any COA and motion to proceed IFP on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** "to notify the [P]etitioner" of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk shall serve a copy of the Petition, ECF No. 1, and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object

in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED** this 16th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE